**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Belinda Landeros Zamora,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-19-05119-PHX-DLR<br><br>**ORDER** |

At issue is the Commissioner of Social Security Administration's ("Commissioner") denial of Plaintiff's concurrent applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("Act"), respectively.[1] Plaintiff filed a Complaint seeking judicial review of the decision (Doc. 1), and the Court now considers Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), the Commissioner's Response (Doc. 15, "Def. Br."), Plaintiff's Reply (Doc. 16, "Reply"), and the Administrative Record (Doc. 11, "R."). For the following reasons, the decision is reversed and remanded for further administrative proceedings.

///
///
///
////

---

[1] This case is governed by 20 C.F.R. Part 404, which governs Title II claims, and 20 C.F.R. Part 416, which governs Title XVI claims. The regulations within these two parts are substantively identical. For brevity, the Court will only cite to Part 404.

I. **BACKGROUND**[2]

Plaintiff filed her application on September 28, 2015, alleging disability as of August 10, 2015. (R. at 17.) The application was denied at the initial and reconsideration levels, and a hearing before an administrative law judge ("ALJ") followed. (*Id.* at 17, 37–62.) The ALJ again denied Plaintiff's application, finding her not disabled in a written decision dated July 24, 2018. (*Id.* at 17–29.) Therein, the ALJ found Plaintiff had "severe"[3] impairments of degenerative disc disease and carpal tunnel syndrome. (*Id.* at 19.) Despite these impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[4] to perform work at the "sedentary"[5] level with limitations of: "no ladders, ropes, or scaffolds; frequent balancing; occasional ramps and stairs; occasional stooping, kneeling, crouching, and crawling; and frequent left and right fine manipulation and feeling." (*Id.* at 23.) Based on this RFC assessment; Plaintiff's age, education, and work experience; and the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could perform past relevant work as a collection clerk and telephone solicitor or other work as a document preparer, election clerk, and escort-vehicle driver. (*Id.* at 27–29.) Accordingly, the ALJ determined that Plaintiff was not disabled. (*Id.* at 29.) Afterward, the Appeals Council denied review and the decision became final. (*Id.* at 1–3.)

///

---

[2] The Court has reviewed the entirety of the medical evidence. In lieu of providing a detailed summary of it here, the Court will reference and incorporate particular evidence as appropriate in its analysis.

[3] An "impairment or combination of impairments" is "severe" if it "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

[4] "[R]esidual functional capacity is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1).

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

## II.     LEGAL STANDARD

In reviewing a decision of the Commissioner, the Court only reviews issues raised by the party challenging the decision. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) ("[The Court] will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief."). The Court may affirm, modify, or reverse the decision, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). The Court may set aside the decision only when it is not supported by "substantial evidence" or is based on legal error. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Id.* at 674–75; *see also Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled."). "Yet [the Court] must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Trevizo*, 871 F.3d. at 675. "[The Court] review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he [or she] did not rely." *Id.* "Even when the ALJ commits legal error, [the Court] uphold[s] the decision where that error is harmless." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "An error is harmless if it is inconsequential to the ultimate nondisability determination, or if the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Id.* (citations and internal quotation marks omitted).

To determine whether a claimant is disabled under the Act, the ALJ engages in a five-step sequential analysis. 20 C.F.R. § 404.1520(a). The burden of proof is on the

claimant for the first four steps but shifts to the ALJ at step five. *Ford v. Saul*, 950 F.3d 1141, 1148–49 (9th Cir. 2020). "Throughout the five-step evaluation, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Id.* at 1149 (citation and internal quotation marks omitted). At step one, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to step five and determines whether the claimant can perform other work existing in significant numbers in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

#### A. The ALJ Erred In Rejecting Plaintiff's Subjective Allegations.

Plaintiff alleges that the ALJ improperly rejected her subjective allegations regarding the severity of her impairments. (Pl. Br. at 15–22; *see* R. at 23–25.) The ALJ had found Plaintiff's statements regarding the severity of her symptoms "inconsistent with the objective medical evidence." (R. at 24–25.) The ALJ also noted Plaintiff's treatment had been "essentially routine and conservative in nature" and a "lack of more aggressive treatment, such as surgical intervention, suggest[ed] [her] symptoms and limitations were not as severe as alleged." (*Id.* at 25.) Lastly, the ALJ noted that Plaintiff "attempted to

minimize her daily activities" but noted that "[e]ven if [her] daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively benign medical evidence and other factors discussed in this decision." (*Id.*)  Plaintiff disputes the validity of each of these reasons.  (Pl. Br. at 16–21.)

In assessing a claimant's RFC, the ALJ considers a claimant's subjective allegations and first "determine[s] the extent to which [any] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how [the] symptoms affect [the claimant's] ability to work."  20 C.F.R. § 416.929(a); *see* 20 C.F.R. § 416.929(c)(2).  Absent a finding of malingering, the ALJ must provide "specific, clear and convincing reasons" for rejecting a claimant's allegations.  *Treichler*, 775 F.3d at 1102.  General findings are not sufficient.  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  Rather, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Id.*  "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."  *Treichler*, 775 F.3d at 1099.

The Court finds error.  While the Commissioner maintains that "[t]he ALJ provided numerous, valid reasons for discounting Plaintiff's subjective complaints, including [a] lack of supporting objective medical evidence" (Def. Br. at 9.), he only defends the ALJ's findings regarding the medical evidence.  (*See id.* at 7–10.)  However, the Commissioner's own regulations and the case law of this Circuit make it clear that a lack of corroborative medical evidence–while a relevant factor–is not itself a sufficient basis to discount a claimant's subjective allegations.[6]  20 C.F.R. § 404.1529(c)(2); *Lingenfelter v. Astrue*, 504

---

[6] Plaintiff argues that the ALJ–as a matter of law–was not permitted to consider whether medical evidence supported the alleged severity of his impairments. (Pl. Br. at 16–17.)  This argument is without merit as the regulations plainly state that the ALJ must "determine the extent to which [a claimant's] alleged functional limitations and restrictions

- 5 -

F.3d 1028, 1040 n.11 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Because the Commissioner does not defend the validity of–let alone, mention–the other reasons the ALJ provided for discounting Plaintiff's allegations in his argument, the Court presumes that Plaintiff's allegations of error with respect to them are meritorious and accordingly finds that the ALJ erred in discounting Plaintiff's subjective allegations. *See* LRCiv 16.1(b) ("Defendant's brief must . . . respond specifically *to each issue* raised by Plaintiff . . . .") (emphasis added).

### B. The ALJ Erred In Rejecting The Treating Physician's Assessment.

Next, Plaintiff alleges that the ALJ improperly rejected the opinion of her treating physician, Dr. Usma Ahmad. (Pl. Br. at 10–15; *see* R. at 26–27, 572–76.) Dr. Ahmad opined to the following limitations:

- frequent lifting/carrying of less than 10 pounds;
- less than 2 hours of standing/walking;
- less than 6 hours of sitting;
- alternating between sitting and standing every 15 minutes;
- no kneeling, crouching, or crawling;
- occasional balancing and stooping;
- occasional handling and fine manipulation with both hands;
- no feeling with either hand;
- frequent reaching with both hands; and
- various environmental limitations.

(R. at 572–74.) Dr. Ahmad further opined that Plaintiff had "[m]oderately severe" pain

---

due to pain or other symptoms can reasonably be accepted as consistent with the *medical signs and laboratory findings* and other evidence to decide how [his] symptoms affect [his] ability to work." 20 C.F.R. § 404.1529(a) (emphasis added). The ALJ, however, may not "reject [a claimant's] statements . . . *solely* because the available objective medical evidence does not substantiate [them]." *Id.* § 404.1529(c)(2) (emphasis added). Therefore, as long as the ALJ articulates other valid reasons for discounting the claimant's allegations it is not improper to base the discount, in part, on a lack of support from the objective medical evidence. *See Lingenfelter*, 504 F.3d at 1040.

that would "[c]onstantly" interfere with attention and concentration. (*Id.* at 575.) The ALJ assigned "little weight" to Dr. Ahmad's opinion and noted that it was "inconsistent with the objective medical evidence." (R. at 26.) The ALJ noted, "[f]or example, examinations of the hands showed hyperesthesia of two fingers, but were otherwise normal and showed normal strength and no evidence of atrophy." (*Id.* (citing *id.* at 369, 414, 534, 607).) The ALJ found these particular findings "inconsistent with a limitation to occasional gross and fine manipulation."[7] (*Id.* at 27.)

In assessing a claimant's RFC, the ALJ considers "all of the relevant medical and other evidence," including medical opinion evidence. 20 C.F.R. § 416.945(a)(3); *see* 20 C.F.R. § 416.927. "[P]hysicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability–the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). In general, medical opinions of treating sources are entitled to the greatest weight; opinions of examining, non-treating sources are entitled to lesser weight; and opinions of non-examining, non-treating sources are entitled to the least weight. *Id.* "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* An ALJ satisfies the substantial evidence requirement by "setting out a detailed and thorough summary of the facts and conflicting evidence, stating his [or her] interpretation thereof, and making findings." *Id.* "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). In evaluating any medical opinion, the ALJ may consider: (1) whether the source examined the claimant; (2) the length, frequency, nature, and extent of any treatment relationship; (3) the degree of support the opinion has, particularly from objective medical evidence; (4) the consistency of the opinion with the record as a whole; (5) the source's specialization; and (6) "other factors." 20 C.F.R. §§ 416.927(c)(1)–(6); *Trevizo*, 871 F.3d at 675.

---

[7] Instead, the ALJ found Plaintiff capable of "frequent" fine manipulation. (R. at 23.)

The Court finds error. Despite Dr. Ahmad opining to many types of limitations, *e.g.*, exertional, standing, sitting, walking, postural, manipulative, and environmental, the ALJ only explicitly addressed the manipulative limitations, citing clinical evidence that was purportedly in conflict with only those limitations. The ALJ did not offer any explanation for why Dr. Ahmad's other limitations were not deserving of the greater weight a treating physician's opinion is ordinarily entitled to. Thus, the ALJ failed his burden to set out a "detailed and thorough summary" of the evidence which he found "inconsistent" with Dr. Ahmad's opinion. Specifically, the ALJ erred by failing to explain what evidence–if any–undermined Dr. Ahmad's other limitations and thus effectively ignored a large part of his opinion–in error. *See Garrison*, 759 F.3d at 1012–13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

The Court agrees with Plaintiff that "the ALJ's limited rationale took nothing away from the rest of Dr. Ahmad's assessment, such as limitations in abilities to sit, stand, or walk throughout an eight-hour day." (Pl. Br. at 12.) The Commissioner's response does not meaningfully address–much less, refute–Plaintiff's allegation of error on this account. The Commissioner overlooks the issue, instead, explaining that the ALJ was entitled to rely on the opinion of the reviewing physician, Dr. Duong, as substantial evidence supportive of the nondisability determination. (*See* Def. Br. at 5–7.) Not only does this response completely dodge Plaintiff's specific allegation of error–a pleading deficit which itself is grounds for a ruling in favor of Plaintiff, *see* LRCiv 16.1(b) ("Defendant's brief must . . . respond *specifically* to each issue raised by Plaintiff . . . .") (emphasis added)–but it only addresses one of the two issues that the Court must resolve in conducting its review: whether the decision is supported by substantial evidence. The evidentiary status of Dr. Duong's opinion, however, does not resolve the second issue: whether the ALJ applied the correct legal standards. The relevant standard under the law of this Circuit, as previously

1    stated, requires the ALJ to articulate specific and legitimate reasons supported by
2    substantial evidence in order to reject the controverted opinion of a treating physician.
3    *Garrison*, 759 F.3d at 1012. The ALJ meets the substantial evidence requirement by
4    "setting out a detailed and thorough summary of the facts and conflicting evidence, stating
5    his [or her] interpretation thereof, and making findings." *Id.* In determining whether the
6    ALJ has met this standard, "long-standing principles of administrative law require [the
7    Court] to review the ALJ's decision based on the reasoning and factual findings offered by
8    the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have
9    been thinking. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (citing
10   *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Here, *the ALJ* did not discuss the
11   plethora of findings cited by the Commissioner in rejecting Dr. Ahmad's opinion. (*See*
12   Def. Br. at 5–7.) *The ALJ* did not discuss evidence that conflicted with Dr. Ahmad's
13   limitations, other than evidence that purportedly undermined the manipulative limitations.
14   Because *the ALJ* effectively ignored a substantial part of Dr. Ahmad's opinion and failed
15   to adequately show that the rejection of the opinion was supported by substantial evidence,
16   the ALJ committed reversible error that cannot be argued away by the Commissioner here.[8]

**IV.  REMEDY**

Having found that the ALJ's decision contains reversible error, the Court must now determine the appropriate remedy. Plaintiff requests a remand for computation and award of benefits while the Commissioner requests a remand for further administrative proceedings. (Pl. Br. at 22–23; Def. Br. at 10–11.)

When the Court finds reversible error, it may remand for further administrative

---

[8] The Court rejects Plaintiff's argument that the ALJ's analysis of the medical evidence constituted a "medical" opinion that he was not qualified to render as an "administrative adjudicator." (Pl. Br. at 14.) The ALJ is specifically charged to "assess [a claimant's] residual functional capacity based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), and to evaluate medical opinion evidence according to applicable regulatory standards, *see* 20 C.F.R. § 404.1527. The discharge of these regulatory duties is not tantamount to rendering a medical opinion. *See Schott v. Comm'r of Soc. Sec. Admin.*, No. CV-19-00389-PHX-JJT, 2019 WL 5782324, at *5 (D. Ariz. Nov. 6, 2019).

proceedings, as is the "ordinary remand rule," or it may remand for calculation and award of benefits under the "credit-as-true" rule. *Treichler*, 775 F.3d at 1099–1100. However, the latter is "a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). For the Court to remand for calculation and award of benefits, three conditions must be met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. However, even where each condition is satisfied, the Court may still remand for further administrative proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

Here, the appropriate remedy is to reverse the decision and remand the case for further administrative proceedings. Given the normal clinical findings noted by the ALJ (R. at 24–25) and the Commissioner (Def. Br. at 5–7), the Court finds "serious doubt" that Plaintiff is, in fact, precluded from all full-time work.

**IT IS THEREFORE ORDERED**, **reversing** the decision of the Commissioner and remanding for further administrative proceedings consistent with this Order.

**IT IS FURTHER ORDERED**, directing the Clerk of Court to enter judgment accordingly and terminate this case.

Dated this 29th day of September, 2020.

Douglas L. Rayes
United States District Judge