**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Belinda Landeros Zamora, | No. CV-19-05119-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docs. 19, 20.) Plaintiff initially sought $9,833.29 in attorney fees but, after Defendant filed a response in opposition to Plaintiff's fee motion (Doc. 23), Plaintiff increased that amount to $10,352.74 to include fees incurred in preparing a reply memorandum (Doc. 28).

The EAJA requires the Court to award Plaintiff her attorney fees unless the Court finds that the position of Defendant was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). When assessing the reasonableness of a requested fee award, the Court uses the lodestar method, multiplying the number of hours reasonable expended on the litigation by a reasonable hourly rate. *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). Defendant does not argue that its position was substantially justified, that special circumstances make an award unjust, or that the hourly rate charged by Plaintiff's counsel is unreasonable. Instead, Defendant

argues that the number of hours expended is excessive. Specifically, Defendant contends that downward adjustments should be made for time expended (1) preparing the complaint, (2) preparing the opening brief, (3) reviewing filed versions of documents, (4) drafting and/or reviewing inadequately explained emails, and (5) preparing the reply brief in support of this fee request. The Court will address each in turn.

First, counsel billed 4.7 hours for drafting the complaint. Defendant argues that this time should be reduced to 2 hours because, in Defendant's view, the complaint is needlessly detailed, reading more like a legal brief than a complaint, and because the substantial time spent drafting it did not result in downstream efficiencies. This Court has previously addressed counsel's practice of preparing longer and more detailed complaints than is common in most Social Security cases:

> It is apparently counsel's practice to spend time early in the case examining the record and identifying issues. This practice requires spending relatively more time preparing the complaint than is the general practice, but time spent at the complaint stage is time that will serve counsel well when the merits briefs are eventually prepared. Indeed, it is possible . . . that a well prepared complaint can persuade the Commissioner that this case should be remanded before the case is fully briefed, which would save all parties time and money.

*Garcia v. Comm'r of Social Sec. Admin.*, No. CIV 18-504-TUC-LAB, 2019 WL 4673335, at *2 (D. Ariz. Sep. 25, 2019). The Court does not find a downward adjustment warranted.

Second, counsel billed 31.3 hours for preparing the opening brief. This reflects the work of two attorneys: Ms. Larkin and Mr. Caldwell. Ms. Larkin took primary responsibility for drafting the opening brief, billing 19.3 hours for researching, drafting, and revising. Mr. Caldwell then billed another 12 hours reviewing and editing the opening brief. Defendant argues that these amounts are excessive because the time invested in preparing the detailed complaint should have resulted in more efficient brief drafting, and because it should not have taken Mr. Caldwell 12 hours to review and edit Ms. Larkin's draft. Defendant requests that the Court reduce Ms. Larkin's fees by 25%, or 4.8 hours, and reduce Mr. Caldwell's fees from 12 hours to 2 hours.

The Court finds the latter of these two objections well-taken. Although the Court

will not reduce the time billed by Ms. Larkin, the Court will reduce the time billed by Mr. Caldwell. As a seasoned, experienced attorney in Social Security litigation, Mr. Caldwell should not require 12 hours to review and edit an opening brief that took Ms. Larkin 19.3 hours to prepare, especially when Ms. Larkin had the benefit of a thorough, detailed complaint previously prepared by Mr. Caldwell. The Court will reduce the time billed for reviewing and editing the opening brief by 6 hours, or $1,240.62.

Third, Defendant asks the Court to reduce any fee award by 0.5 hours, which counsel billed to review the complaint again after it was filed. But counsel explains that his practice is to review submissions again after filing in order to detect and timely correct material errors. The Court finds no downward adjustment warranted.

Fourth, counsel billed 0.4 hours for either reviewing or drafting four unexplained emails. Although the itemized accounting identifies the recipient of these emails, it does not explain their purpose. These entries are impermissibly vague. The Court will reduce the total fee award by 0.4 hours, or $82.40.

Lastly, Defendant argues that counsel should not be permitted to recover for time spent drafting a reply in support of this fee application. The Court disagrees. Filing a reply in support of a fee application is well within the scope of reasonable representation. The Court will not disallow these fees.

In sum, the Court will reduce the total fee award by 6.4 hours, or $1,323.02.

**IT IS ORDERED** that Plaintiff's motion for attorney fees under the EAJA (Doc. 19) is **GRANTED**. Plaintiff is awarded attorney fees in the amount of $9,029.72. This award shall be payable to Plaintiff Belinda Zamora and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

Dated this 18th day of November, 2021.

Douglas L. Rayes
United States District Judge